[No. 6205. Decided September 12, 1906.]

LILITH HARDWICK, *Respondent,* v. MRS. W. N. GETTIER
*et al., Appellants.*[1]

FRAUDULENT CONVEYANCES—SALES IN BULK—CREDITORS. One to whom an order for 5,000 cigars had been given for future delivery is not a creditor of the party giving the order until some portion of the cigars have been delivered, within the meaning of the sales-in-bulk act, requiring an affidavit as to creditors upon a sale of a stock of goods in bulk.

APPEAL—REVIEW—FINDINGS. The findings of the trial court who had the advantage of seeing and hearing the witnesses, will not be disturbed where the evidence is conflicting and irreconcilable.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 20, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, awarding to the vendee the ownership of property levied upon under the sales-in-bulk act. Affirmed.

*Gallagher & Thayer,* for appellants.

*Merritt & Merritt,* for respondent.

ROOT, J.—Crittenden Brothers were running a saloon in Spokane, and in November, 1904, ordered 5,000 cigars of a special brand from appellant, Mrs. Gettier. On December 24, said Crittenden Brothers executed a bill of sale to respondent transferring their saloon and the stock of goods therein, including all liquors and cigars, to respondent. The latter claims that the sale to her was really made on the 21st day of December, and that she, through her agent, E. P. Fulton, took possession on that day. Appellants claim that the sale was really made to Fulton instead of respondent. She was his stepdaughter. Fifteen hundred of the cigars were delivered at the saloon shortly before or shortly after Fulton took possession under the purchase. Crittenden

1Reported in 86 Pac. 943.

Brothers did not pay for the cigars. Thereupon appellant Gettier brought an action and recovered judgment against them for $255.48, and $11 costs. A writ of garnishment was served on said Fulton. Fulton defaulted and judgment was entered against him as garnishee. Execution was issued and appellant Doak, as sheriff, under this execution levied upon the stock of goods and other articles in the saloon as the property of Crittenden Brothers and Fulton. Whereupon respondent filed the affidavit and bond required by the statute, setting up that she was the owner of the property levied upon, and upon that affidavit issues were made up and trial was had without a jury. The trial court found that respondent was the owner of the property; that its value was $350; that appellant Gettier was not a creditor of Crittenden Brothers at the time the sale was made by them. Judgment was entered in favor of respondent, from which this appeal is taken.

Appellant contends that the sale of the stock of goods in the saloon was made without any affidavit as to creditors, and that it was consequently void under the "sales-in-bulk" law. Laws 1901, p. 222. Respondent maintains that appellant Gettier was not a creditor of Crittenden Brothers at the time they made the sale to her, and that consequently it was immaterial whether an affidavit setting forth a list of creditors was made or not. The determination of this question involves the query as to when there was a delivery of the cigars, unless there is virtue in appellant's further contention that the giving of the order for the cigars constituted her a creditor from that time. We do not think this latter contention can be upheld. Having in mind the purpose for which the sales-in-bulk statute was enacted, we do not believe that Mrs. Gettier became a creditor of Crittenden Brothers, within the meaning of that statute, until she had delivered a portion of the cigars that had been ordered.

As to whether any of the cigars were delivered before the sale of the saloon and contents to respondent, the evidence is

conflicting and irreconcilable. Certain witnesses testified that fifteen hundred of the cigars were delivered before the sale was made, while others testified positively that the delivery was made after the sale had been consummated and the possession taken by the purchaser. As to whether the sale was made to respondent or to said Fulton is another question upon which the evidence is contradictory. Many things in the evidence indicate that Fulton was the real purchaser instead of respondent; but the evidence of respondent, her mother, and said Fulton is positive to the effect that the purchase was negotiated by Fulton and his wife for their daughter, this respondent, and that the money constituting the purchase price had come to her from her father's estate. From the evidence as it appears in this record it is exceedingly difficult to tell how these questions of fact should be decided. But in view of the fact that there was ample evidence, if believed, to sustain the material findings of the trial court, and remembering that said court had the advantage of seeing and hearing the witnesses, we are averse to disturbing its decision.

The judgment of the superior court will therefore be affirmed.

Mount, C. J., Hadley, and Rudkin, JJ., concur.

Fullerton, J., concurs in the result.